CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 05, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ARTIS DENARD JOHNSON,** ) | |
| Petitioner, ) | Case No. 7:24-cv-00064 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **COMMONWEALTH OF VIRGINIA,** ) | Chief United States District Judge |
| Respondent. ) | |

## MEMORANDUM OPINION

Artis Denard Johnson, a state pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he challenges the amount of the bond set in a pending criminal case. For the reasons set forth below, the petition is **DISMISSED** without prejudice.

### I. Background

According to the petition and state court records available online, Johnson is currently awaiting trial on charges brought against him in the Circuit Court of Roanoke County. He seeks to challenge the amount of bond set by the Circuit Court on September 15, 2023. He alleges that he is an "indigent offender" and that he is being deprived of "liberty" and "equal protections of the laws" as a result of the "[e]xcessive bail" amount. Pet., ECF No. 1, at 2.

### II. Discussion

The United States Court of Appeals for the Fourth Circuit has recognized that a state pretrial detainee can file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (citing Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987)). However, a petitioner is generally required to exhaust state court remedies before seeking federal habeas relief. Dickerson, 816

F.2d at 229; see also Johnson v. Florida, 32 F.4th 1092, 1095–96 (11th Cir. 2022) ("It is by now well established that a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies.") (internal quotation marks omitted); Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies."). "Although the text of § 2241 imposes no exhaustion requirement on petitioners seeking pretrial federal habeas relief, courts have grafted an exhaustion requirement onto § 2241, which is 'judicially crafted on federalism grounds in order to protect the state court's opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.'" Hartfield v. Osborne, 808 F.3d 1066, 1073 (5th Cir. 2015) (quoting Dickerson, 816 F.2d at 225). To satisfy the exhaustion requirement, a petitioner must present his claim to the state's highest court. Johnson, 32 F.4th at 1096.

In this case, Johnson acknowledges that he has not appealed the bond decision to a higher state court, as permitted under Virginia law. See Pet. at 3, 7–8; see also Va. Code Ann. § 19.2-124 ("Any bail decision made by a judge of a court may be appealed successively by the person to the next higher court, up to and including the Supreme Court of Virginia, where permitted by law."). Consequently, it is clear from the petition that his claims are unexhausted. Moreover, Johnson does not suggest that he "has no adequate remedy such that exhaustion would be futile." Wilson, 430 F.3d at 1118. Nor does he identify any "extraordinary circumstances" that would allow him to assert his constitutional claims without first exhausting available state court remedies. See Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975) (explaining that a federal court should not exercise habeas jurisdiction at the pretrial

stage in the absence of exhaustion "unless extraordinary circumstances are present"). Therefore, the court concludes that Johnson's petition must be dismissed without prejudice for failure to exhaust.

Because "the detention complained of arises out of process issued by a State court," Johnson is required to obtain a certificate of appealability in order to appeal the dismissal of his § 2241 petition. 28 U.S.C. § 2253(c)(1)(A). When a district court dismisses a habeas petition on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Johnson has not met this standard, the court declines to issue a certificate of appealability.

### III. Conclusion

For the reasons stated herein, the court **DISMISSES** Johnson's petition without prejudice for failure to exhaust state court remedies. The court declines to issue a certificate of appealability. An appropriate order will be entered.

Entered: March 5, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.05 15:12:52 -05'00'

Michael F. Urbanski
Chief United States District Judge